FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2016 AUG 19 A 11: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. 1,16 CV 1070 |
| Plaintiff, ) | |
| v. ) | |
| MATTHEW BISSONNETTE, ) | |
| Defendant. ) | |

## CONSENT DECREE

This Consent Decree is entered into between Plaintiff the United States of America and Defendant Matthew Bissonnette, also known as Mark Owen, for the purpose of fully resolving all claims set forth in the Complaint filed in this case. The term "Parties" collectively refers to the United States and Bissonnette.

This is a civil action brought by the United States of America for permanent injunctive relief, a constructive trust, and other relief against Defendant Matthew Bissonnette, a former chief petty officer and special warfare operator in the U.S. Navy. The Complaint alleges that the Defendant signed various non-disclosure agreements during his military service and that he violated his contractual and fiduciary duties to the United States by (1) publishing the book *No Easy Day: The Firsthand Account of the Mission That Killed Osama Bin Laden* ("*No Easy Day*") without submitting it for prepublication security review and (2) using unapproved slides to give public leadership presentations.

1

The Defendant has voluntarily agreed to issue a public statement in the form agreed to by the Parties acknowledging that he was required to seek prepublication review of *No Easy Day* and that he made a mistake by failing to do so. After extensive negotiations, the Parties have consented to this decree to resolve the issues raised by the Complaint without further litigation.

It is therefore agreed, by and between the Parties, that the case should be resolved by the Court's entry of an Order with the following terms:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because this action has been commenced by the United States. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) because the U.S. Navy, an agency of the U.S. Government, is headquartered at the Pentagon, which is located in this District and Division in Arlington, Virginia. *See* 28 U.S.C. § 127(a) and (c) and Local Civil Rule 3(B)(1) and(C). Venue is also proper because the Department of Defense's Office of Prepublication and Security Review is located at the Pentagon.

2. A constructive trust for the benefit of the United States is hereby imposed over any and all revenues, gains, profits, royalties, and other financial advantages derived by the Defendant, or derived by the Defendant in the future, from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit of the work entitled *No Easy Day*.

3. The Defendant shall pay to the United States any and all revenues, gains, profits, royalties, and other financial advantages derived by the Defendant, or derived by the Defendant in the future, from the sale, serialization, republication rights in any form, television or movie rights, and other distribution for profit of *No Easy Day*.

4. The Defendant is hereby permanently enjoined from further breaching the terms and conditions of his non-disclosure agreements and fiduciary duties to the United States in any way, including by taking any action to further publish or distribute, or to assist in further publication or distribution of, *No Easy Day* in any form or media.

5. The Defendant shall pay the Government all of the proceeds he has already received from the publication of *No Easy Day*, which to date total $6,664,882.21, in acordance with the following schedule:

   (A) Within thirty (30) days of the Court entering this Consent Decree, the Defendant shall pay the United States $2,761,334.28;

   (B) Within forty-eight (48) months of the entry of this Consent Decree, the Defendant shall pay the United States an additional $1,379,527.93;

   (C) Within six (6) months of the Court entering this Consent Decree, the Defendant shall file amended state and federal tax returns reflecting that all of the proceeds the Defendant has received from the publication of *No Easy Day*, including the $2,524,020 he has paid in taxes on those proceeds, belong to the United States; and

   (D) Within thirty (30) days of receiving any state or federal tax refunds that result from the filing of the amended tax returns required above, the Defendant shall pay the United States all refunds attributable to his proceeds from *No Easy Day*.

6. Within thirty (30) days of the Court entering this Consent Decree, the Defendant shall inform the publisher of *No Easy Day* that all of the Defendant's proceeds from the book belong to the Government and that all his royalties and other financial advantages must be delivered directly to the Government.

7. Within thirty (30) days of the Court entering this Consent Decree, the Defendant shall also pay to the United States $100,000 from the proceeds of leadership presentations he gave using slides that had not been approved through the Government's prepublication security review process.

8. All payments to be made under this Consent Decree shall be made in accordance with instructions and procedures provided to the Defendant by counsel for the United States from the Department of Justice, Civil Division, Federal Programs Branch.

9. In consideration of the Defendant's obligations, as set forth in this Consent Decree, and conditioned upon the Defendant meeting those conditions, the United States will release and discharge the Defendant from any and all claims for civil liability related to the publication of *No Easy Day* and any and all claims for civil liability related to leadership presentations Bissonnette gave before April 23, 2013, except that the following claims of the United States are specifically reserved and are not released: (a) any liability arising under Title 26, U.S. Code (Internal Revenue Code); (b) any liability for future breaches of the Defendant's contractual or fiduciary duties; and (c) any liability based upon obligations created by this Consent Decree.

10. This Consent Decree is binding upon the Parties and their successors, agents, assigns, and transferees as of the date it is signed by the Parties.

11. This Consent Decree becomes an Order of the Court on the date it is approved.

12. If any provision of this Consent Decree is determined to be invalid or unenforceable for any reason, then such provision shall be treated as severed from the remainder of the Consent Decree and shall not affect the validity and enforceability of all

of its other provisions, as long as such severance does not materially change the Parties' rights and obligations.

13. The undersigned counsel are fully authorized to enter into this Consent Decree on behalf of their respective clients.

14. The Parties acknowledge that they have, through their respective counsel, mutually participated in the preparation of this Consent Decree, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

15. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

16. Each of the Parties to this Consent Decree shall bear their own attorney's fees and costs.

SO ORDERED this 23d day of Sept, 2016

/s/
Gerald Bruce Lee
United States District Judge
United States District Judge