IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Civil Action: 16-CV-1070 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW BISSONNETTE, | ) | |
| Defendant, | ) | |

## MOTION TO VACATE CONSENT DECREE AND ENTER SUMMARY JUDGEMENT IN FAVOR OF DEFENDANT

PLEASE TAKE NOTICE that upon the annexed Declaration from Matthew Bissonnette, and the exhibits annexed thereto, along with the associated Memorandum of Law, Defendant hereby respectfully moves this Court:

1. Pursuant to Fed.R.Civ.P. 60(b) to vacate the Consent Decree entered on August 15, 2016;

2. Pursuant to Fed.R.Civ.P. 56(c) entering Summary Judgement in favor of the Defendant, as there is no issue of material fact;

3. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

____/s/_____
Sarah Ikena, Esq.

___/s/_____
Timothy C. Parlatore, Esq. (*pro hac vice* pending)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Civil Action: 16-cv-1070 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW BISSONNETTE, | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CONSENT DECREE AND ENTER SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

### PRELIMINARY STATEMENT

Defendant Matthew Bissonnette ("Bissonnette") was a member of the Navy SEAL Team that successfully executed the 2011 raid that killed Osama Bin Laden and later wrote a book about his experiences. This action arises from Bissonnette's failure to obtain a proper pre-publication review by the Department of Defense ("DoD") prior to publication. The parties had previously entered a consent decree before this Court for Bissonnette to forfeit all proceeds from the book.

While much of the facts of this case were never in dispute, one essential element had been hotly disputed and the time that the consent decree was entered into but has subsequently been resolved in the Defendant's favor – whether he had justifiably relied on the advice of counsel in failing to follow his contractual obligations. Subsequent malpractice litigation has resolved this issue conclusively in Bissonnette's favor.

Because the consent decree was based on factual assumptions and positions by the Plaintiff that we now know to be indisputably false, justice demands that the consent decree be vacated.

Moreover, as there are no longer any disputed material issues of fact, summary judgement should be entered in Defendant's favor.

## FACTUAL BACKGROUND

Matthew Bissonnette served for 14 years in the United States Navy as a special warfare operator (SEAL), where he participated in several dangerous combat operations, including the rescue of Captain Richard Phillips from Somali pirates in 2009 and the raid that targeted Osama Bin Laden.

Bissonnette was honorably discharged as a Senior Chief Petty Officers from the Navy in April 2012 after having been awarded the Silver Star, 5 Bronze Stars with "V", Purple Heart, Joint Commendation with "V", Navy Commendation with "V", Presidential Unit Citation and numerous other awards.

In September 2012, after being discharged from the Navy, Bissonnette penned a book, *No Easy Day*, based on his experience within the SEAL community and, particularly, on the bin Laden raid. As the motivation for the book was not fame or fortune, Bissonnette penned the book under pseudonym Mark Owen to remain anonymous and allow the profits to be donated to charities to care for the families of fallen SEAL's.

Bissonnette retained attorney Kevin Podlaski to ensure he complied with the requirement of the confidentiality agreement and to provide Bissonnette with legal counsel surrounding the need to submit *No Easy Day* for prepublication review. Bissonnette hired Podlaski based upon his experience and prior representation of Thomas Greer, a former Delta Force commander who wrote a book about his unit's activities in the battle of Tora Bora entitled "Kill bin Laden." Like Bissonnette, Greer used a pseudonym, Dalton Fury, for the book and relied upon the advice of

Podlaski, a former Army lawyer, on issues of confidentiality and pre-publication review.[1]  As the pre-publication review process can become quite lengthy and tedious, Podlaski touted his ability to successfully guide Greer through the process and avoid pre-publication review altogether, while ensuring that no classified materials were published.  Neither the U.S. Army, nor any other component of the Department of Defense or Intelligence Community raised any objections to Greer's publication under Podlaski's guidance.  Podlaski promised to do the same for Bissonnette.

Bissonnette sought Podlaski's advice in good faith, shared a draft of the manuscript, and did not conceal any material fact from Podlaski, including the fact surrounding the confidentiality agreements that potentially contemplated pre-publication review.

Podlaski advised Bissonnette both orally and in writing that he was not obligated to submit the book for pre-publication review, and that Podlaski was competent to review the manuscript and accept all proposed changes.  Bissonnette submitted the manuscript to his publisher with the knowledge and understanding the book did not contain confidential materials and he had not violated any of his obligations to the United States.

## PROCEDURAL HISTORY RELEVANT TO THIS MOTION

On August 19, 2016, the United States filed a Complaint alleging Breach of Contract and Fiduciary Duty related to *No Easy Day* and Breach of Contract and Fiduciary Duty related to Leadership Presentation.  Bissonnette signed a Consent Decree with the United States related to *No Easy Day* after Podlaski falsely denied he had advised Bissonnette on the pre-publication

---

[1] In Greer's book, the acknowledgments contain an explicit discussion of this exchange:

> My attorney, the remarkable Kevin Podlaski of Carson Boxberger LLP, a former special operations lawyer, skillfully undertook to navigate the muddy waters of the approval process with SOCOM – an approval that never came.  Kevin's calm voice of reason, his attention to the finest details, and a poker-faced patience, as part of a careful process of review with other knowledgeable advisors, reassured me that this book is free of any sensitive or classified information that might help any adversary of the United States of America.

review process. The Consent Decree stated Bissonnette shall pay the United States any and all revenues, gains, profits, royalties, and other financial advantages derived from *No Easy Day*. Bissonnette was to pay the United States $6,664,882.21 which was all the proceeds received from the publication of *No Easy Day*. The final payment of $1,479,527.93 is due to be paid. All conditions of the Consent Decree have been met by Bissonnette with the exception of the final payment.

Bissonnette filed an attorney malpractice case against Podlaski and Carson Boxberger LLP for their role in the failure to submit *No Easy Day* and the leadership slides for prepublication review. On June 29, 2018 a Settlement Agreement was reach reached between Bissonnette, Podlaski and Carson Boxberger LLP. In the Settlement Agreement Podlaski and Carson Boxberger LLP admitted to their role in Bissonnette's failure to submit *No Easy Day* for pre-publication review and admitting Bissonnette sought counsel with regards to the publication of *No Easy Day* and was advised there was no need to submit the book for pre-publication review.

## **LEGAL STANDARD**

Rule 60(b)(5) allows a court, in its discretion, to relieve a party from an otherwise final judgement if applying the judgement prospectively is no longer equitable; or any other reason that justifies relief. In *Rufo v. Inmates of the Suffolk County Jail,* 502 U.S. 367 (1992), the Supreme Court explained that:

> Rule 60 (b)(5) provides that a party may obtain relief from a court order when it is no longer equitable that the judgement should have prospective application, not when it is no longer convenient to live with the terms of the consent decree. Accordingly, a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree.

*Id*. at 383. Under this standard set forth in *Rufo,* it is "appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction or consent decree can show a significant

change in either factual conditions or in law," *Agostini v. Felton*, 521 U.S. 203, 215 (1997). Furthermore, the Fourth Circuit has explained "a district court's task is to determine whether it remains equitable for the judgement at issue to apply prospectively and, if not, to relieve the parties of some or all of the burdens of that judgement on such terms as are just." *Crutchfield v. United States Army Corps of Engineers* 175 F.Supp. 2d 835 (E.D. Va. 2001) (citing *Alexander v. Britt* 89 F.3d 194, 197 (4th Circ. 1996) and *Board of Education of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 111 S.Ct. 630 (1991).

The primary purpose of "the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Capitol Prop. Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co.*, 261 F. Supp. 3d 680, 686 (E.D. Va. 2017), aff'd, No. 17-1789, 2018 WL 6600219 (4th Cir. Dec. 14, 2018).

In reviewing a Motion for Summary Judgment, the court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1996). Once the motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Mere existence of an alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no issue of material fact. *Anderson*, 477 U.S. at 248.

When confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be solved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

## ARGUMENT

### I.
### VACATING CONSENT DECREE IS WARRANTED BY THE ATTORNEY MALPRACTICE SETTLEMENT, WHICH MATERIALLY ALTERS THE FACTUAL BASIS FOR THE CONSENT DECREE

Bissonnette entered into the Consent Decree with the United States in 2016 after having detrimentally relied upon the advice of former counsel, Kevin Podlaski regarding not submitting *No Easy Day* for pre-publication review by the United States. At the time Consent Decree was entered into, Podlaski was falsely denying the facts surrounding Bissonnette's detrimental reliance on his advice.  Bissonnette filed a legal malpractice action against Podlaski which was dismissed by the District Court.  *Bissonnette v. Podlaski*, 138 F. Supp. 3d 616 (S.D.N.Y. 2015). Though Bissonnette continued to maintain his reliance upon the advice of Podlaski, Bissonnette accepted the Consent Decree based upon the same information and the likely impact it would have on a potential trial.

However, since the Consent Decree was entered, the assumptions both parties relied upon have significantly changed.  Bissonnette refiled the attorney malpractice suit against Podlaski in the Northern District of Indiana which reached a settlement on June 29,2018, whereby Podlaski and his firm, Carson Boxberger LLP, admitted that "[i]n reliance on their professional advice, Mr. Bissonnette did not submit *No Easy Day* to the Government for Publication…Carson Boxberger and Kevin Podlaski acknowledge their role in that decision."

The Settlement with Podlaski and Carson Boxberger LLP is a significant change in the basis for the Consent Decree. To continue to enforce a Consent Decree on Bissonnette for failing to submit *No Easy Day* for pre-publication review based upon his detrimental reliance on the advice of counsel goes against the objective of matter and goes against public interest as it has been well established that good faith reliance is a defense where an individual detrimentally relied on the advice of their counsel. In admitting his role, Podlaski resolved all disputed facts of this case. Had Podlaski admitted his role in Bissonnette's failure to submit *No Easy Day* for prepublication, Bissonnette would not have entered into the Consent Decree. Enforcing the Consent Decree knowing Bissonnette detrimentally relied on the advice of counsel is undermined by the fact the Government does not unilaterally enforce pre-publication review.

## II.
### SUMMARY JUDGMENT SHOULD BE ENTERED IN DEFENDANTS FAVOR AS THE FACTS INDISPUTABLY ESTABLISH THAT HE RELIED IN GOOD FAITH ON THE ADVICE OF HIS ATTORNEY

Plaintiff's complaint plead two causes of action against Bissonnette, breach of contract and fiduciary duty. As part of his assignment to the Navy Special Warfare Development Group Bissonnette signed four documents on January 24, 2007 consisting of:

1. Classified Information Non-Disclosure Agreement;
2. a Sensitive Compartmented Information Nondisclosure Statement;
3. Sensitive Compartmented Information Indoctrination Memorandum; and
4. Personal Attestation, stating that he understood his responsibility to protect classified national security information.

As a condition of his obligation to the United States, Bissonnette was subject to DoD Directive 5230.09, Clearance of DoD Information for Public Release §§2.a, 4.b, 4.f (August 22, 2008) stating all personnel must submit for security review and clearance proposed books pertaining to military matters or national security.

Plaintiff asserts breaches of the agreement occurred when Bissonnette failed to comply with the terms and conditions of his Classified Information Non-Disclosure Agreement and SCI Nondisclosure Statement and failed to submit to the Government *No Easy Day* and leadership presentation slides for prepublication security review. Plaintiff further alleges Bissonnette breached his fiduciary relationship with the United States as he held a position of special confidence and trust.

Good faith reliance on the advice of counsel is a defense to cases where an individual detrimentally relied on the advice of their counsel. To establish a defense of good faith reliance on professional advice, "the defendant must prove that he sought advice of counsel with an honest purpose of being informed of the law, that he made a full, correct, and honest disclosure of all material facts known to him or which he should reasonably have known, and that he acted in good faith guided by the advice given by counsel" *7600 Lt. Pshp v. QuestTech, Inc.* 41 Va. Cir. 60 (1996) *citing Pallas v. Zaharopoulous*, 219 Va. 751, 250 S.E.2d 357 (1979). When a party seeks the advice of counsel and reasonably relied upon the advice, it cannot be said the individual knowingly submitted false information or acted with deliberate disregard. *United States v. Newport News Shipbuilding, Inc.* 276 F. Supp. 539 (E.D. Va. 2003)

In an effort to comply with the confidentiality agreement Bissonnette retained the services of Carson Boxberger LLP specifically Kevin Podlaski to guide him through the publication process. Under no circumstance did Bissonnette intend or want to violate the confidentiality agreements he had signed while serving as a Navy SEAL.

Bissonnette submitted copies of all of the contracts outlined above to Podlaski for review because he wanted to honor his contractual obligations to Plaintiff. Podlaski reviewed the documents including Bissonnette's manuscript and informed Bissonnette the book did not contain

sensitive information therefore it did not have to be submitted to the United States for prepublication review. Bissonnette relying on the legal guidance from Podlaski that the book did not contain sensitive information and did not need to be submitted for prepublication review submitted the book to his publisher. At no point did Bissonnette believe he was in violation of his obligations to the United States.

Bissonnette has continually maintained he relied upon the advice of counsel, and in 2018 settled a legal malpractice claim against Podlaski and Carson Boxberger LLP for their role in the decision to not submit *No Easy Day* for prepublication review. In admitting his role, Podlaski resolved all disputed issues of fact in this case.

As there is no genuine issue of material fact that Bissonnette acted not for the purpose of breaching his obligations, but in good faith reliance on the advice of counsel, rather than with intent to breach his obligations, Bissonnette is entitled to Summary Judgment in his favor. *Pequignot v. Solo Cup Co.,* 608 F.3.d 1356, 1364 (Fed. Cir. 2010)

## **CONCLUSION**

For the foregoing reasons stated above Defendant should be granted the Motion to Vacate the Consent Decree and entering summary judgment in Defendant's favor due to the significant changes in facts surrounding the Consent Decree, which now incontrovertibly establish Defendant's affirmative defense. Allowing a consent decree to continue to stand when based on infirm factual assumptions would not be prospectively equitable.

Respectfully submitted,

\_\_\_\_\_/s/_____
Sarah Ikena, Esq.
Parlatore Law Group, LLP
1655 Fort Myer Drive, Suite 700

        Arlington VA 22209
        sarah.ikena@parlatorelawgroup.com
        785-223-2948
        (212) 202-4787 Fax

        ____/s/_____
        Timothy C. Parlatore, Esq. (*pro hac vice* pending)
        Parlatore Law Group, LLP
        tim.parlatore@parlatorelawgroup.com
        One World Trade Center, Suite 8500
        New York, NY 10007
        (212) 679-6312
        (212) 202-4787 Fax

**CERTIFICATE OF SERVICE**

I do hereby certify that on August 19, 2020, I electronically transmitted Motion to Vacate Consent Decree and Enter Summary Judgement in Favor of Defendant, to the Clerk's Office using the CM/ECF System for filing, and will transmit a Notice of Electronic Filing to the named Plaintiffs in the above-referenced matter.

                /s/ Sarah K. Ikena
                Sarah K. Ikena